McDONALD, J.,
dissenting.
hi respectfully dissent from the majority opinion. I think the judgment sustaining the prescription exception should be reversed, and this matter should be remanded to allow the parties to address the applicability of the two-year prescriptive period set forth in LSA-C.C. art. 3493.10.
Delictual actions that arise due to damages resulting from a crime of violence, as defined by the Louisiana Criminal Code, are subject to a liberative prescription of two years, which begins to run from the day injury or damage is sustained. LSA-C.C. art. 3493.10.[1] The Louisiana Criminal *973 Code defines a crime of violence, in' pertinent part, as an offense that involves the use of physical force against the person of another and includes the enumerated offense of second degree battery. LSA-R.S. 14:2(B)(6). The Louisiana Criminal Code defines a second degree battery to include the intentional infliction of serious bodily injury which involves, among other things, extreme physical pain or protracted loss or impairment of the function of a bodily member, organ, or mental faculty. LSA-R.S. 14:34.1(A) and (B)(3).
Ms. Creighton’s petition alleges that “Darrell was severely beaten by Mr. Ma-gee, resulting in abrasions, scratches, cuts, and bruising to Darrell’s face and eye.” The emergency room medical record submitted by Ms. Creighton in opposition to Evergreen’s prescription exception supports this allegation and states that Darrell’s final diagnosis included blunt head trauma, periorbital ecchymosis, left arm abrasions, ^multiple abrasions to the trunk, and superficial lacerations. Upon his release from the hospital on the afternoon of July 29, 2013, instructions were given that Darrell be continuously monitored until the next morning after a potential head injury.
Given Darrell’s apparent inability to communicate the source or extent of his injuries, it is possible that Magee may have inflicted serious bodily injury upon Darrell: For- example, it appears that Darrell’s medically documented blunt head trauma would involve extreme physical pain or protracted loss or impairment of Darrell’s mental faculties, falling within the definition of a second degree battery. Thus, I disagree with the majority’s con-clusory statement in footnote 2 that “Darrell sustained relatively minor injuries” that were “not indicative of a ‘criminal’ beating.” Rather, I think Ms. Creighton’s factually supported allegation that Darrell was severely beaten sufficiently raises the issue of whether he was the victim of second degree battery, a crime of violence as defined in LSA-R.S. 14:2(B)(6) and 14:34.1(A) and (B)(3). If such is the case, then Ms. Creighton’s petition, filed on August 20, 2104, would have been timely filed within two years of the crime, which occurred on July 28 or 29, 2013.

. If the crime of violence is an act of sexual assault, however, the prescriptive period is three years. See LSA-C.C. art. 3496.2.